

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2005

# USA v. Drayton

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3200

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Drayton" (2005). 2005 Decisions. Paper 1366.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1366

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3200

UNITED STATES OF AMERICA

v.

CHARLES DESMOND DRAYTON,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 03-00357)
Honorable Yvette Kane, District Judge

Submitted under Third Circuit LAR 34.1(a)
April 8, 2005

BEFORE: BARRY, AMBRO, and GREENBERG, Circuit Judges

(Filed:   April 13, 2005)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on appeal from a judgment of conviction

and sentence entered on July 28, 2004, following appellant Charles Desmond Drayton's

plea of guilty pursuant to a plea agreement to an indictment charging him with interstate

travel in aid of distributing and possession with intent to distribute heroin in violation of 18 U.S.C. § 1952(a)(3). The district court calculated Drayton's guideline range at 63 to 78 months but sentenced Drayton to a 60-month custodial term, the maximum allowed by statute, to be followed by a three-year term of supervised release and imposed a $500 fine. Drayton appeals contending that because the "district court imposed [his] sentence based on the unconstitutional Federal Sentencing Guidelines, this Court should vacate [his] sentence and remand for resentencing." Appellant's br. at 9. The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Drayton contends that this appeal, as is the situation in many cases before us at this time, involves the transition to the principles of United States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005). Nevertheless this appeal is unusual because the maximum statutory sentence was less than the bottom end of the guideline range applicable in this case, a circumstance that suggests that the guidelines were not germane here. The district court, however, indicated that "[b]ecause I believe that I am bound by the guidelines, I will impose a guideline sentence." App. at 61. Thus, the guidelines may have impacted on the sentence the court imposed. In these circumstances we have concluded that the issue with respect to Drayton's sentence raised on this appeal best would be determined by the district court in the first instance.

In accordance with the aforesaid, we will vacate the sentence in the judgment of

conviction and sentence entered July 28, 2004, and will remand the case to the district court for resentencing. We, however, will not disturb the conviction.

_____